Puckett *et al. v.* Crystal Oil Company.

(Division A.  Nov. 16, 1931.)

[137 So. 486.  No. 29592.]

R. O. Arrington, of Crystal Springs, for appellants.

W. B. Mixon, of McComb, for appellee.

**Cook, J.,** delivered the opinion of the court.

In the year 1926 the appellee, Crystal Oil Company, recovered a judgment in a justice of the peace court of Copiah county against Robert Parsons and John Millsaps. Upon this judgment an execution, dated October 27, 1926, and returnable November 8, 1926, was issued, and placed in the hands of the constable, J. D. Puckett, appellant herein, and it was levied on a Ford car, which was in possession of the judgment debtors; the return of the officer being as follows:

"I have this day executed the within writ personally, by taking possession of one Ford coupe car, motor No. 9510972, of the value One Hundred Fifty Dollars, and taking bond for same. This the 29th day of Oct., A. D., 1926."

"J. D. PUCKETT, Constable."

In April, 1930, the appellee filed suit against the constable, and the sureties on his official bond, alleging a breach of duty on the part of the constable, in failing to advertise and sell the car and deliver the proceeds into court, under and by virtue of the said execution, and seeking to recover the value of the car as damages for such breach of duty. There was a judgment against the constable and the sureties on his official bond in both the justice and circuit courts, and from the judgment in the circuit court this appeal was prosecuted.

Upon the face of the execution it appears that less than fifteen days intervened between the date and the return day thereof. Section 3012, Code of 1930, provides that: "Writs of execution shall bear date and be issued in the same manner as original process, and shall be made returnable on the first day of the next term of the court in which the judgment or decree was rendered, if there be fifteen days between the issuance and return thereof; and, if not, on the first day of the term next thereafter. . . ." And in the case of Harris v. West, 25 Miss. 156, it was held that an execution is void where less than fifteen days intervenes between the date and return thereof. Also, in the case of Lehr v. Doe ex dem. Rogers, 3 Smedes & M. 468, it was held that all executions must be made returnable to the next term after they are issued, provided fifteen days intervene after the date of their issuance and the first day of the term, and that an execution issued in opposition to this provision of the statute is a nullity and void. Under the rule announced in these cases, the execution involved in the case at bar was void on its face, and therefore no liability attaches as against the officer or his bondsmen, for a failure to advertise and sell property levied on thereunder. The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellants.

Reversed and judgment here for appellants.